**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DANIEL TELLEZ FUGA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

Case No. 1:26-cv-04842 JLT SAB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 10, 14, 18)

Daniel Tellez Fuga is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Docs. 1, 14.) Respondents moved to dismiss the petition, asserting that the "first to file" rule bars the petition and that this third petition is both successive under 28 U.S.C. § 2244(a) and an abuse of the writ. (Doc. 10.) Petitioner opposed the motion. (Doc. 11.)

The magistrate judge found dismissal was not warranted under the "first-to-file rule," because dismissal "would not necessarily serve the interest of efficiency, economy, and consistency where, as here, this Court … granted Petitioner's second habeas petition while his first petition was pending in the Northern District of Texas," although this Court was unaware of the prior petition at the time. (Doc. 18 at 4; *see also id.* at 2, n.3.) The magistrate judge also found the petition was not subject to dismissal as successive because Section 2244(a) does not apply to a petition filed by an immigration detainee under Section 2241. (*Id.*, citing *Barapind v.*

*Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000).) Finally, the magistrate judge found dismissal was not appropriate for "abuse of the writ" because "prolonged detention claims are inherently dynamic and evolve as the time in detention lengthens." (*Id.* at 5.) Therefore, the magistrate judge recommended the Court deny Respondent's motion to dismiss. (*Id.* at 11.)

Turning to the merits of the Petition, the magistrate judge observed that Petitioner claimed prolonged detention as a violation of his procedural or substantive due process rights. (Doc. 18 at 5.) The magistrate judge noted that Petitioner received a bond hearing, and the immigration judge denied bond. (*Id.* at 8; *see also* Doc. 10-1 [IJ order].) The magistrate judge found that Petitioner was not entitled to relief on his claim for a procedural due process claim. (*Id.* at 5-6, citing *Rodriguez Diaz v Garland*, 53 F.4th at 1193, 1213 (9th Cir. 2022).) In addition, the magistrate judge found Petitioner did not establish a substantive due process violation after considering the length of Petitioner's detention, evidence related to flight risk or community danger, and conditions of confinement. (*Id.* at 6-10.) Thus, the magistrate judge recommended the Court deny the petition. (*Id.* at 11.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 18 at 11.) The Court advised the parties that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 12, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No objections were filed, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Significantly, Petitioner fails to show that his detention since the bond hearing held on June 6, 2026, has become unreasonably prolonged. *See Rodriguez Diaz*, 53 F.4th at 1207 identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged for purposes of evaluating whether to order a second bond hearing). In addition, Petitioner failed to show the factors identified by the magistrate judge weighed in favor of granting relief for the substantive due process violation.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated October 23, 2026 (Doc. 18) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10) is **DENIED**.
3. The petition for writ of habeas corpus and the supplement (Docs. 1, 14) are **DENIED.**
4. The transfer restrictions imposed on July 1, 2026 (Doc. 9) are **LIFTED**.
5. The Clerk of Court is directed to terminate any pending matters and close the case.

IT IS SO ORDERED.

Dated: _November 15, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE